SUPREME COURT.    At Chambers, Brooklyn, November 2, 1854.
Before *Dean*, Justice.

THE PEOPLE *vs.* MALONEY *alias* McCLUSKEY.

At common law a dog was not the subject of larceny; but it seems the law in this respect has been changed by the Revised Statutes, which recognize dogs as property, by subjecting them to taxation, and define larceny so as to cover the taking and carrying away of all kinds of property, except the freehold and things which are parcel of it.

Where a person was indicted for grand larceny, in stealing a Newfoundland dog of the value of $100, the property of R. T., and arrested on a warrant issued on such indictment, after a hearing on *habeas corpus* before a justice of the Supreme Court at chambers, his discharge was refused.

The prisoner was brought up on a writ of *habeas corpus*. It appeared that he had been indicted and arrested for grand larceny in stealing a dog. He claimed to be discharged on the ground that a dog was not the subject of larceny.

*D. H. Topping*, for the prisoner.

*R. C. Underhill*, (Dist. Att'y,) for the people.

After advisement, the following opinion was delivered:

DEAN, J.—The prisoner was indicted at the Kings county sessions for grand larceny, in stealing a Newfoundland dog of the value of $100, the property of Richard Todd. He was then arrested on a warrant issued on the indictment, and in default of bail for his appearance to answer the indictment, was committed. He is now brought before me on *habeas corpus*, and his discharge on his own recognizance asked for, on the ground that a dog is not property whereof a larceny can be committed.

The case has been argued at length by the prisoner's counsel on one side, and the district attorney on the other; and strange as it may appear, when the number of dogs is considered, and the value which for various purposes is put upon them, the question seems never to have been decided in this state.

It is impossible for me at the circuit, constantly engaged in the trial of causes, to examine the subject at length, but I have given to it that attention which my time would permit, and will proceed to state the conclusion to which I have arrived, and briefly the reasons which have led to it.

At common law, a dog was not the subject of larceny. A reference to *Roscoe's Criminal Evidence*, *Archbold's Criminal Pleadings*, and *Blackstone's Commentaries*, renders this proposition indisputable. The rule is there stated as follows: " As to those animals which do not serve for food, and which therefore the law holds to have no intrinsic value, as dogs of all sorts, and other animals kept for whim or pleasure, though a man may have a bare property therein, yet they are not of such estimation as that the crime of stealing them amounts to a larceny."

By this it appears that not only was it no crime to steal a dog, but that a person might secretly take and carry away a whole menagerie and be entirely guiltless. The reason of the rule was, that these animals were of so base a nature that it would not do to make the taking of them a felony; at that time larceny was punishable with death, and it was undoubtedly to get clear of sacrificing a man for a dog or a bear, that the decision was made and followed in subsequent cases. The reason of the rule no longer exists, and on that ground alone the rule might cease to be operative. But the common law has been adopted in this state, and I do not feel disposed by judicial legislation to abrogate any part of it. If we had no statute which was in conflict with it, I should feel bound by the ancient doctrine which I have cited. But I think the Revised Statutes are inconsistent with the common law rule. By them, dogs are so far regarded as property as to be, in certain cases, the subject of taxation. The owner is made liable for the acts of his dog; thus recognizing that a dog has an owner, and consequently that the thing owned is property. For every civil purpose, not only by statute, but by the decisions of our courts, a dog is regarded as property. The owner may bring an action for any injury inflicted upon his dog. If taken away he may bring

replevin or trover. But the statute has defined grand larceny, which is the crime whereof the prisoner is indicted. (2 *R. S.* 679, § 63.) " Every person who shall be convicted of the felonious taking and carrying away the personal property of another, of the value of more than $25, shall be adjudged guilty of grand larceny." The same chapter, page 702, § 33, defines the term " personal property," as meaning " goods, chattels, effects," &c. There is no term broader than chattel. *Bouvier,* in his Law Dictionary, says a " chattel is a term including all kinds of property, except the freehold and things which are parcel of it."

If these statutes, therefore, do not clearly abrogate the common law rule, they raise so grave a question as to render it improper for me on *habeas corpus* to discharge the prisoner. He must give bail or be remanded, and his counsel can present the question by demurrer; by moving in arrest of judgment or otherwise, so as to bring the matter up at general term, and if necessary to the court of appeals.

The bail was fixed at $250, which the prisoner obtained, and was discharged from custody.

